### CRISWELL vs. GASTER & AL.

APPEAL from the court of the seventh district

CRISWELL
*vs*
GASTER & AL.

Money paid
on a horse
race which
was simulat-
ed and frau
dulent, may
be recovered
back
And in an
action for that
purpose, it is
not a good ob-
jection to the
competency
of a witness
that he was
also a better
on the race.

MATTHEWS, J. delivered the opinion of
the court. In this suit the plaintiff claims
damages on account of a fraud practised on
him in a horse race. He alleges in his peti-
tion that the defendants entered into a simu-
lated and fraudulent contract to run a race
between two horses, the relative speed of
which had been previously ascertained, with
a view of cheating and defrauding other per-
sons who might be induced to bet on said
race; that he did wager the sum of $320
with one of the original parties to the simu-
lated agreement above stated, which was de-
termined by the judges of the race to be lost,
and was accordingly paid, and which he
seeks to recover back in the present action,
and also an equal sum which might have been
won by him, if the race had been fairly run.

The cause was submitted to a jury in the
court below, who, from their verdict, appear
to have been fully convinced of the fraud al-
leged, and assessed damages in favor of the
plaintiff to the amount, not only of the sum
by him wrongfully paid, but also for that
which he might have gained. Judgment be-
ing rendered in pursuance of the verdict,
the defendants appealed. A bill of excep-

West'n Dis'ct
October, 1826

CRISWELL
vs.
GASTER& AL.

tions is found on the record to the competency of a witness who was also a better on the race, to a small amount, on the same side with the plaintiff. The judge *a quo* considered this as a circumstance which might affect his credit, but was not sufficient to render him incompetent. In this opinion we concur with the court below. A motion was made for a new trial, which was overruled. All the facts of the case coming up to this court, that proceeding in the cause need not be noticed.

As to the merits of the case, we think the jury erred in giving a verdict for more than the sum actually paid by the plaintiff. The judgment of the district court being in conformity thereto, is also erroneous. The aleatory contract was clearly simulated and feigned, and although intended to defraud, it could legally produce no effect; nothing could have been lost on it, and consequently nothing could be won. It might, perhaps, be assimilated to what, in jockey phrase, is called a drawn race, such as happens where the parties consent to annul their agreement to run, or when the horses prove to be of equal speed. It is true that the conduct of the defendants appears to have been immoral

CRISWELL
*vs.*
GASTER & AL.

in the extreme, (if morality may be consider-
ed to have place in any shape in quarter ra-
ces): but as the contract must be considered
as void *ab initio*, the plaintiff is only entitled
to recover back the money, by him paid
without consideration and in error.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled and reversed : and it is further
ordered, adjudged and decreed, that the
plaintiff do recover from the defendants the
sum of three hundred and twenty dollars, and
that the appellee pay the costs of this appeal.

*Thomas* for the plaintiff, *Scott* for the de-
fendants.